MRS. M. H. HARRIS v. UNITED STATES FIDELITY AND GUARANTY
COMPANY AND W. C. CRAIG.

(Filed 23 December, 1914.)

1. **Principal and Surety—Contracts—Indemnity—Notice—Date of Completion —Weather Conditions.**

    Where a surety bond indemnifying the owner against loss under a contract for the building of a house provides that the owner shall notify the guaranty company of the failure of the contractor to complete the house by a certain date, and that no liability shall attach to the company unless the owner shall notify promptly, and in any event not later than thirty days after knowledge of such default, deliver to the surety at its office in a certain city written notice thereof, and it is expressly provided in the contract, to which the bond refers, that delays caused by excessive bad weather should not be counted against the contractor, it is *Held*, that delays from the cause stated extends the time wherein the house was contracted to have been completed, and that notification under the terms of the contract given after the date named, but within the extension thereof on account of the weather conditions, is sufficient.

2. **Trials—Nonsuit—Evidence.**

    Upon a motion to nonsuit, the evidence should be considered in the most favorable aspect for the plaintiff; and there being evidence in this case that the plaintiff notified the surety in a bond given to indemnify him for loss on account of a contract entered into for the construction of a house, in accordance with the terms of the bond, the motion was properly denied.

3. **Trials—Instructions—Unconflicting Evidence—Directing Verdict.**

    In an action to recover from an indemnity company damages caused to the owner by a contractor's default under his contract to erect a house, the evidence being uncontradicted, it is held that the judge properly instructed the jury to find the amount of damages in plaintiff's favor.

APPEAL by defendant from *Justice, J.*, at April Term, 1914, of BUN-COMBE.

This is an action to recover damages on a bond given by the defendant, United States Fidelity and Guaranty Company, to secure the performance of a building contract made between the plaintiff and the defendant W. C. Craig.

On 22 September, 1911, defendant W. C. Craig entered into a contract with the plaintiff by which he agreed to furnish all the labor and material for the construction of a house in the city of Asheville in accordance with certain plans and specifications attached to the contract. The amount to be paid to Craig for the construction of said house was $3,600.

Article VI of said contract is as follows:

ART. VI. The contractor shall complete the several portions, and the whole of the work comprehended in this agreement, by and at the time or times hereinafter stated, by 22 January, 1912, and in case of a failure to complete within the time specified, shall forfeit and pay to the owner, same to be added to the account, a rent of $10 per week for the time building remains after said date unfinished: *Provided,* that the weather will permit and that the contractor is not delayed by the owner, all time lost on account of excessively bad weather or on account of the owner's failure to complete work, her part of this contract, not to be counted against contractor."

The contract is referred to in the bond, the penalty of which is $1,800, and the following stipulation is contained therein:

"First. That no liability shall attach to the surety hereunder, unless, in the event of any default on the part of the principal in the performance of any of the terms, covenants, or conditions of the said contract, the obligee shall promptly, and in any event not later than thirty days after knowledge of such default, deliver to the surety at its office in the city of Baltimore written notice thereof, with a statement of the principal facts showing such default and the date thereof; nor unless the said obligee shall deliver written notice to the surety at its office aforesaid, and the consent of the surety thereto obtained, before making to the principal the final payment provided for under the contract herein referred to."

The house was not completed on 22 January, 1912, but evidence was offered by the plaintiff tending to prove that the completion of the building was delayed by bad weather, and that she gave notice of the default to the defendant guaranty company within thirty days after the defendant Craig abandoned the contract, but not within thirty days from 22 January, 1912.

The plaintiff completed the building, and she testified that she did so under the supervision of an architect according to the plans and specifications of the contract, and that the total cost, including $2,225 paid to Craig, was $6,500. There was other evidence to the same effect.

There was a motion to nonsuit, which was denied, and the defendant excepted.

The court charged the jury as follows: "Gentlemen of the jury, I submit two issues to you. First, 'Is the defendant C. W. Craig indebted to the plaintiff, and if so, in what amount?' There is undisputed evidence here that he is indebted to the plaintiff in a considerably larger amount than $1,800, but the plaintiff does not insist on a verdict against Craig for more than $1,800. Therefore, I say to you, if you believe all the testimony and believe the witnesses, you will answer this issue '$1,800.' The next issue is, 'Is the United States Fidelity and Guaranty

Company indebted to the plaintiff, and if so, in what amount?' The court charges you that if you believe all the testimony by all the witnesses, you will answer this issue '$1,800.' They are entitled to recover the interest from 6 June, 1912, in both of these cases; so if you believe all this testimony and find the facts to be as testified to by all these witnesses, you will answer the issue 'Yes, with interest from 6 June, 1912.' "

To this charge the defendant excepted.

The jury found both issues in favor of the plaintiff and assessed her damages at $1,800, with interest on said sum from 6 June, 1912. Judgment was entered upon the verdict, and the defendant United States Fidelity and Guaranty Company appealed, and assigned the following errors:

1. For that the court erred in refusing to grant the defendant's motion for a judgment of nonsuit, as set out in the first exception.

2. For that the court erred in his intimation that he would charge the jury that if they believed the evidence they should answer the issues finding for the plaintiff in damages in the sum of $1,800, as set out in the second exception.

3. For that the court erred in charging the jury that if they believed the evidence they should answer the first issue "$1,800" and the second issue "Yes, with interest from 6 June, 1912," as set out in the third exception.

*W. R. Whitson for plaintiff.*
*Merrick & Barnard for defendant.*

ALLEN, J. The motion for judgment of nonsuit is upon the ground that the plaintiff did not notify the guaranty company of the failure of the contractor to complete the house by 22 January, 1912, within thirty days from that date, the defendant relying upon the stipulation in the bond, "that no liability shall attach to the surety hereunder unless, in the event of any default on the part of the principal in the performance of any of the terms, covenants, or conditions of the said contract, the obligee shall promptly, and in any event not later than thirty days after knowledge of such default, deliver to the surety at its office in Baltimore written notice thereof."

No issue was tendered by the defendant, presenting the defense of the failure to give notice, and as the question is raised upon a motion to nonsuit, we must consider the evidence in the most favorable aspect for the plaintiff.

The bond does not require the plaintiff to give notice to the defendant if the house is not completed by 22 January, 1912, but to give notice of *default* in the performance of the building contract, and if there is evi-

dence which, when properly applied to the terms of the contract, shows that the default occurred at a later date, the motion for judgment of nonsuit ought not to have been allowed; and in our opinion there is such evidence. In the article of the building contract, requiring the house to be completed by 22 January, 1912, it is expressly provided that if the contractor is delayed by excessively bad weather, this time is not to be counted against him, and when the article is read as a whole, the natural and reasonable construction is that the contractor agreed to complete the house under ordinary conditions by 22 January, 1912, but if he was delayed by very bad weather, he should have additional time for the performance of the contract.

This is in the agreement of the parties, which defendant company guaranteed should be performed, and it has the effect of extending the time of performance, if delays are caused by bad weather, and during this extension of time there would be no default on account of failure to complete the house, and the plaintiff offered the evidence of several witnesses tending to prove delays on account of the weather, one witness testifying that at one time no work could be done for three weeks.

The plaintiff was entitled to have this evidence considered by the jury, and, if believed, it tended to establish her contention that there was no default by reason of the failure to complete the house by 22 January, and the motion for judgment of nonsuit was, therefore, properly denied.

There is no error in the instruction given to the jury, as the uncontradicted evidence is that the plaintiff expended much more than $1,800, according to the plans and specifications of the contract, in the completion of the house.

No error.